IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK BRUNACINI,

        Plaintiff,

  vs.                                             No. CIV 99-642 LFG

VALENCIA-BOSQUE FARMS PHILLIPS
66, a Subsidiary of Phillips Petroleum,
Company, a Delaware Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER came before the Court on Plaintiff Jack Brunacini's ("Brunacini") "Response and Objection to Notice of Removal." [Doc #5] When removal to a federal forum is contested, the appropriate procedure to challenge the removal is a motion to remand. 28 U.S.C. § 1447(c). However, the matters raised in Brunacini's response and objection to the Notice of Removal are the same that would normally appear in a motion to remand. Accordingly, the Court will consider Brunacini's objection as the motion to remand; the Court will consider Defendant's response of June 30, 1999 as the response in opposition and Brunacini's July 20, 1999 pleading as his reply.

### Magistrate Judge's Authority to Act on Removal

In accord with the district's case assignment administrative order, this case was randomly selected and administratively assigned to a magistrate judge to conduct all proceedings, including trial, if necessary. In accord with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties were provided with consent forms. Defendant consented; Plaintiff has not returned the signed forms.

Thus, the parties have not all consented to a magistrate judge. Because Plaintiff has not returned the form either consenting or refusing to consent, an Article III District Judge has not been assigned to this case. The Court must therefore first consider whether it may act on the motion to remand.

The Tenth Circuit has not yet determined whether a magistrate judge may act on a motion to remand without the consent of the parties. However, the majority of circuits which have considered this question determined that a motion to remand is non-case dispositive under Section 636(b)(1)(A), and, therefore, comes within a magistrate judge's authority. Indeed, decisions from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits either directly or tacitly approve of magistrate judge's handling motions to remand. See, e.g., Cok v. Family Court, 985 F.2d 32 (1st Cir. 1993)(28 U.S.C. § 1447(d) bars review by the court of appeals of a district judge's order granting a motion to remand whether the district judge reviewed the magistrate judge's order as either a final order or as a report and recommendation to which timely objections were filed); Delta Dental v. Blue Cross & Blue Shield, 942 F. Supp 740 (D.R.I. 1996)(a motion to remand is a non-case dispositive matter and subject to the clearly erroneous or contrary to law standard of review); Amalgamated Local 55 UAW v. Fibron Products, Inc., 976 F. Supp. 192 (W.D.N.Y. 1997) (magistrate judge has the authority to determine a motion to remand as a non-case dispositive pretrial matter pursuant to Section 636(b)(1)(A) and Fed. R. Civ. P. 72(a); Young v. James, 168 F.R.D. 24 (E.D. Va. 1996)(motions to remand are non-case dispositive and are reviewed under a clearly erroneous or contrary to law standard); Dugas v. Jefferson County, 911 F. Supp 251 (E.D. Tex. 1995)(motion to remand is referable to magistrate judge as a non-case dispositive motion); but see, Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999); see also Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc., 844 F. Supp 1156 (S.D. Tex. 1994); and City of Jackson v.

2

Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122 (S.D. Miss. 1993)(motion to remand to a state court is non-case dispositive and may be referred to a magistrate judge).

Also, in accord with this reasoning in Naragon v. Dayton Power & Light Co., 934 F. Supp 899 (S.D. Ohio 1996)(relief sought in motion to remand is non-case dispositive); Archdiocese of Milwaukee v. Underwriters at Lloyds London, 955 F. Supp 1066 (E.D. Wis. 1997)("[G]enerally the court would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed. R. Civ. P. 72(b)"); White v. State Farm Mutual Automobile Insurance Co., 153 F.R.D. 639 (D. Neb. 1993)(magistrate judge has authority to remand as non-case dispositive pretrial matter); see also Banbury v. Omnitrition International, Inc., 818 F. Supp 276 (D. Minn.1993)(remand is non-case dispositive matter); MacLeod v. Dalkon Shield Claimants Trust, 886 F. Supp 16 (D. Or. 1995)(magistrate judge had authority to enter an order of remand as non-case dispositive pretrial matter).

Indeed, the only circuit to specifically reject a magistrate judge's authority to entertain a motion to remand is the Third Circuit. In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998)(a remand order is dispositive for purposes of Section 636(b)(1)); and Temptations, Inc. v. Wager, 26 F. Supp. 2d 740 (D.N.J. 1998)(an order to remand to state court is dispositive, a magistrate judge does not have authority to enter it without the consent of the parties).

The reasoning underlying the Healthcare decision was soundly rejected in Vogel v. U.S. Office Products Co., ___ F. Supp. 2d ___, 1999 WL 503464 (W.D. Mich. July 12, 1999). In that case, the court approved the magistrate judge's conclusion based on Fed. R. Civ. P. 72(a) that, "[b]ecause a remand does not affect a party's claims or defenses, but only the forum in which they may be presented, a motion to remand is necessarily non-dispositive."

3

The court noted that the federal magistrate statute, 28 U.S.C. § 636(b)(1)(A), contains a non-exhaustive list of dispositive motions for which magistrate judges may issue only proposed findings and recommended disposition. They include motions for injunctive relief, judgment on the pleadings, summary judgment, motions to dismiss or quash an indictment or information, to suppress evidence in a criminal case, to dismiss or permit a class action, to dismiss for failure to state a claim, and to involuntarily dismiss an action. The court concludes that a motion to remand is dissimilar to these motions, in that they either terminate the case entirely, may easily result in termination through exclusion of necessary evidence, require interim determination of the merits of a claim, may result in imposition of a remedy, or add parties who will be bound by the judgment. The motion for remand does none of these things. It neither ends a case nor addresses the substance of a party's claims of defenses. "The Court is therefore unconvinced by the Third Circuit's holding that a motion to remand resolves claims or defenses and is thus dispositive in nature." Vogel, at *4.

Based on this reasoning and on the weight of authority, the Court concludes that a motion to remand is not a case dispositive motion under Rule 72(b) and that a magistrate judge has authority pursuant to Section 636(b)(1)(A) to act on this motion.

**Legal Standard on Removal**

Federal court jurisdiction is strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 61 S. Ct. 868 (1941). "[T]here is a presumption against removal jurisdiction." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). When there is any doubt as to the right of removal in a first instance, it is incumbent on a court to reject removal and favor remand. Laughlin; Fajen v. Found. Reserve Ins. Co., 683 F.2d 331 (10th Cir.1982). This is so because the need for strictly limiting removal jurisdiction of a federal court arises out of due respect for the sovereignty of state

4

governments and protection of state judicial power. Shamrock Oil & Gas Corp., 313 U.S., at 108. Thus, if the Court concludes that it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

When diversity supplies the basis for federal jurisdiction, there are two requirements for removal: diversity of citizenship and amount in controversy. Here, there is no dispute concerning diversity of citizenship. Brunacini is a resident of New Mexico and Defendant is a resident of Delaware. The dispute on removal arises only in regard to the "amount in controversy" requirement. Brunacini contends that the removal from state court was improper because the initial pleading filed in the state court did not assert a claim as to the amount in controversy. Therefore, Defendant cannot conclude that the amount in controversy exceeds the $75,000.00 needed for federal jurisdiction. However, on May 27, 1999, Brunacini's counsel submitted a settlement proposal to Defendant stating that Brunacini sustained severe bodily injuries and suffered other damages, including past and future medical expenditures, loss of past and future earnings, past and future pain and suffering, and loss of enjoyment of life. Brunacini complained of shoulder, neck and lower back pain and was experiencing muscle spasms, and reported that he suffered a mid-line protrusion of a disc at the C-6,7 level. Including his pain, suffering, loss of enjoyment of life, past and present, Brunacini offered to settle his claim for $118,500.00. Defendant's response was to remove the case to federal court.

While Brunacini's initial pleading, the complaint, may not have put Defendant on notice that the jurisdictional limits of the federal court were implicated, upon receipt of Brunacini's offer to settle, Defendant was aware that the amount in controversy exceeded $75,000.00. Indeed, had Defendant attempted to remove this case prior to receipt of the offer to settle, the action would likely have been remanded to state court under 28 U.S.C. § 1447(b) and Laughlin v. K-Mart Corp.

In Laughlin, the court of appeals stated that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice." Laughlin at 873. This language conflicts with the New Mexico Rules of Civil Procedure which state, "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount," Rule 1-010(B) NMRA 1999. Thus, by rule, the amount in controversy does not generally appear in complaints filed in the New Mexico state courts. This pleading prohibition makes it most difficult for a defendant to determine the propriety of removal proceedings to federal court under Laughlin. Since the complaint does not specifically allege the amount of damages sought, a defendant is obligated to allege in the notice of removal facts supporting the jurisdictional amount. Here, the Notice of Removal complies with the requirements of 28 U.S.C. § 1441(b) for diversity jurisdiction. Defendant attached Brunacini's offer of settlement as an exhibit to the Notice of Removal, which sets out in detail the categories of damages being sought and Brunacini's compromise settlement offer. Thus, it was not until Defendant received the settlement offer that it could have intelligently ascertained that the amount in controversy exceeded $75,000.00 and that the case was removable. See Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998)(this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" before the thirty-day clock for removal begins to run), *cert denied*, 119 S. Ct. 1756 (1999); Stramel v. GE Capital Small Business Finance Corp., 955 F. Supp 65, 68 (E.D. Tex. 1997)(holding that plaintiff's $950,000.00 demand letter was an "other paper" under 28 U.S.C. § 1446(b) from which defendant could first have ascertained that the case was removable); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1124 (D.N.M. 1998)(holding that letter from plaintiff's attorney to defendant's attorney was "other paper" from which defendants could have intelligently ascertained that

6

the case was removable).

Brunacini argues that the offer of settlement may not be considered in determining the jurisdictional amount. The argument defies reason. An offer of settlement is intended to be a compromise, that is, a discount from the value of the claim. Offers of settlement are compelling evidence of the minimum amount in controversy. <u>Carnahan v. S. Pac. Ry.</u>, 914 F. Supp 1430, 1432, n.4 (E.D. Tex. 1995). <u>See also</u> <u>Fairchild v. State Farm Mutual Auto Ins. Co.</u>, 907 F. Supp 969 (M.D. La. 1995)(a "settlement demand letter is valuable evidence to indicate the amount in controversy at the time of removal.").

Here, the Court determines that Brunacini's May 27, 1999 offer of settlement constitutes an "other paper" which alerted Defendant that the amount in controversy exceeds the federal jurisdictional minimum. Finding both diversity of citizenship and that the amount in controversy exceeds $75,000.00, the removal was appropriate.

The Court DENIES Brunacini's motion to remand.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
David C. Chavez, Esq.

ATTORNEY FOR DEFENDANT:
Richard E. Olson, Esq.